**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SERGEI BORONENKO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.  18-cv-5810** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **RADS SERVICES, INC. and** | ) | |
| **RADOSLAW CZUPRYNA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Sergei Boronenko, through his attorneys, Hughes Socol Piers Resnick & Dym, Ltd., complains against Defendants RADS Services, Inc. ("RADS") and Radoslaw Czupryna, as follows.

## NATURE OF THE ACTION

1.    Defendant RADS is a cleaning services company owned and operated by Defendant Radoslaw Czupryna that provides cleaning services to athletic and other facilities in the Chicago area.

2.    Together, Defendants have willfully engaged in a joint scheme, business plan, or policy of misclassifying Plaintiff as an independent contractor, requiring him to work seventy or more hours per week without paying him overtime premium pay for hours worked in excess of forty in a workweek, and improperly and fraudulently withholding agreed upon wages.

3.    Plaintiff now seeks to recover unpaid overtime premium pay and improperly withheld wages under the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), the Illinois Wage Payment & Collection Act ("IWPCA"), and the Chicago Minimum Wage Ordinance, and asserts a claim for fraud.

## JURISDICTION

4.      The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district, and Defendants reside in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

6.      Sergei Boronenko is a resident of Chicago, Illinois, and worked for RADS Services and Radoslaw Czupryna from August 2017 to April 2018.

7.      Defendant RADS was an Illinois Corporation headquartered in Illinois. Upon information and belief, RADS was involuntarily dissolved on May 11, 2018.

8.      Defendant Radoslaw Czupryna owns and operates RADS Services and is a resident of Elmhurst, Illinois.  During all relevant times, he had control over the method and amount that Plaintiff was paid for the work he performed for RADS.

9.      During relevant times, Plaintiff has been an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203, the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the Chicago Minimum Wage Ordinance.

10.      During relevant times, Defendants were Plaintiff's "employers," as defined by the FLSA, 29 U.S.C. § 203, the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2, and the Chicago Minimum Wage Ordinance.

## EMPLOYER AND ENTERPRISE STATUS

11.     During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating a cleaning business.

12.     During relevant times, the Defendants' annual gross revenue exceeded $500,000.

13.     During relevant times, Defendants made decisions about whether Plaintiff received overtime pay for hours worked in excess of forty in a workweek.

14.     Defendants are jointly responsible for the unlawful wage and hour violations described in this complaint because they jointly controlled Plaintiff's work and the manner in which Plaintiff was paid for that work.

## FACTUAL ALLEGATIONS

15.     Defendants have contracts to provide cleaning services to various facilities in the Chicago area.

16.     Defendants hired Plaintiff as a cleaner approximately August 2017.

17.     From approximately August 2017 to approximately April 2018, Defendants instructed Plaintiff to provide cleaning and laundry services at various locations in the Chicago area, including Lakeview and Lincoln Park locations of the Chicago Athletic Clubs, and the East Bank Club.

18.     From approximately August 2017 to approximately April 2018, Plaintiff often worked more than eighty hours per week, providing cleaning and laundry services at various locations of the Chicago Athletic Clubs and the East Bank Club.

19.     Plaintiff's agreed upon hourly wage was eleven dollars per hour.

20.     Defendants withheld Plaintiff's entire first month's pay claiming that it was a "security deposit."

21.     Defendants paid Plaintiff bimonthly by check.

22.     In each check provided to Plaintiff from approximately August 2017 to February 2019, Defendants deducted 15% or more for unspecified taxes. Upon information and belief, Defendants never turned over the deducted money to taxing authorities.

23.     While Plaintiff worked for Defendants, they never paid Plaintiff time-and-a-half for hours worked in excess of forty in a workweek.

24.     For example, from September 1 to 15, 2017, a period of fifteen days, Plaintiff worked 180 hours. Plaintiff was only paid eleven dollars per hour for the 180 hours worked, minus $465 for unspecified charges, including 15% for unspecified taxes.

25.     In approximately November 2017, Defendant Czupryna told Plaintiff that Plaintiff had to register as a business or that he would be fired. Defendant Czupryna told Plaintiff that he no longer wanted to issue checks to Plaintiff directly, but wanted to issue them to a business name.

26.     Believing he would be fired, Plaintiff registered a business and acquired an Assumed Business Name Certificate for "Sergei Boronenko Services."

27.     Starting approximately February 2018, Defendants paid Plaintiff by check to "Sergei Boronenko Services."

28.     Defendants misclassified Plaintiff as an independent contractor. Plaintiff was under Defendants' supervision and control, he used Defendants' tools and equipment or those provided by the sites where Plaintiff was directed to work, and he performed work that was integral to Defendants' business.

## COUNT I
## Violation of the Fair Labor Standards Act
## 29 U.S.C. § 203, *et. seq.*

29.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30.     Defendants willfully refused to pay Plaintiff overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a.  Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b.  Declaring that Defendants' conduct violated the FLSA;

c.  Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

d.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e.  Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law
## 820 ILCS 105/1 *et seq.* ("IMWL")

31.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32.     Defendants employed Plaintiff because they permitted Plaintiff to work as a cleaner and exerted substantial control over the manner in which he performed that work.

33.     Plaintiff worked for Defendants in excess of forty hours in a workweek.

34.     Defendant willfully refused to pay Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek, in violation of the IMWL.

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment against Defendant and issue an order:

a.  Declaring that the actions complained of herein violate 820 ILCS 105/4;

b.  Awarding Plaintiff all unpaid overtime wages due and owing;

c.  Awarding Plaintiff prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

d.  Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

e.  Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

f.  Providing injunctive relief requiring Defendant to pay all statutorily-required wages and penalties and barring future violations; and

g.  Awarding such other relief as this Court deems just and proper.

**COUNT III**
**Violation of the Illinois Minimum Wage Law**
**820 ILCS 105/1 *et seq.* ("IMWL")**

35.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

36.     Defendants employed Plaintiff because they permitted Plaintiff to work as a cleaner and exerted substantial control over the manner in which her performed that work.

37.     Defendants withheld wages from Plaintiff for his first month of work.

38.     Defendants improperly withheld wages from Plaintiff, resulting in payment to Plaintiff of less than minimum wage.

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment against Defendant and issue an order:

a. Declaring that the actions complained of herein violate 820 ILCS 105/4;

b. Awarding Plaintiff all unpaid wages due and owing;

c. Awarding Plaintiff prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

d. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

e. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

f. Providing injunctive relief requiring Defendant to pay all statutorily-required wages and penalties and barring future violations; and

g. Awarding such other relief as this Court deems just and proper.

## COUNT IV
## Violation of the Chicago Wage Ordinance

39. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

40. Defendants employed Plaintiff because they permitted Plaintiff to work as a cleaner and exerted substantial control over the manner in which her performed that work.

41. Plaintiff regularly worked for Defendants in excess of forty hours in a workweek.

42. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek.

43. Defendants improperly withheld wages from Plaintiff, resulting in payment to Plaintiff of less than minimum wage.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a. Declaring that the actions complained of herein violate the Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-040;

b. Awarding Plaintiff damages in an amount be determined at trial;

c. Awarding Plaintiff unpaid overtime wages due as provided by the Chicago Minimum Wage Ordinance;

d. Awarding Plaintiff unpaid wages due as provided by the Chicago Minimum Wage Ordinance;

e. Awarding penalties in the amount of three times of all unpaid wages and overtime wages, as contemplated by Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-110;

f. Awarding reasonable attorneys' fees and costs of this action as provided by the Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24-110;

g. Awarding such other relief as this Court deems just and proper.

**Count V**
**Violation of the Illinois Wage Payment & Collection Act**
**820 ILCS 115/1 *et seq.* ("IWPCA")**

44. Plaintiff incorporates all prior allegations as if fully stated herein.

45. Defendants employed Plaintiff because they permitted Plaintiff to work for Defendants as cleaners and exerted substantial control over the manner in which he performed that work.

46. Defendants agreed to pay Plaintiff an hourly rate for all hours that he worked.

47. Defendants deducted amounts from Plaintiff's agreed upon wages without his express written consent at the time of the deductions.

48. Defendants withheld wages from Plaintiff for his first month of work.

**PRAYER FOR RELIEF**

Plaintiffs ask the Court to enter judgment against Defendants and issue an Order:

a. Declaring that the actions complained of herein violate 820 ILCS 115/3;

b. Awarding Plaintiff unpaid wages due as provided by the IWPCA;

c. Awarding Plaintiff penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 115/14(a);

d.  Requiring Defendants to pay all statutorily-required wages;

e.  Awarding Plaintiff prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

f.  Awarding the attorneys' fees and costs of this action as provided by the IWPCA; and

g.  Awarding such other relief as this Court deems just and proper.

**Count VI**
**Fraud**

49.  Plaintiff incorporates all prior allegations as if fully stated herein.

50.  Defendants falsely represented to Plaintiff that they were deducting 15% of his wages for unspecified taxes.

51.  Defendants knowingly and willfully withheld 15% of Plaintiff's wages each pay period from approximately August 2017 to February 2018 for unspecified taxes.

52.  Upon information and belief, Defendants knowingly and willfully never turned over the deducted money to taxing authorities.

53.  Defendants made their statements to Plaintiff intending that Plaintiff continue to work for Defendants.

54.  Plaintiff relied on Defendants' representations in continuing his employment.

55.  Plaintiff suffered damages as a result of Defendants' actions.

56.  Upon information and belief, Defendants' withholding of unspecified taxes was routine and a pattern and practice with respect to all employees.

**PRAYER FOR RELIEF**

Plaintiffs ask the Court to enter judgment against Defendant and issue an Order:

a.  Declaring that the actions complained of herein constitute fraud;

b.  Awarding Plaintiff damages in an amount to be determined at trial;

c.   Awarding Plaintiff damages in an amount to be determined at trial;

d.   Awarding such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/ Chirag G. Badlani
One of the Attorneys for the Plaintiff

Christopher J. Wilmes (Illinois Bar No. 6287688)
Chirag G. Badlani (Illinois Bar No. 6308523)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100